UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID S. MCCARTY and ) | Case No. 12-10779-JMC-7A |
| DIANNA K. MCCARTY, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| DAVID WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 13-50004 |
| vs. ) | |
| ) | |
| DAVID S. MCCARTY and ) | |
| DIANNA K. MCCARTY, ) | |
| ) | |
| Defendants. ) | |

**DEBTOR'S TRIAL BRIEF**

Comes now the Debtors herein David S. McCarty and Dianna K. McCarty by counsel Bryce D. Owens, OWENS & OWENS and submit the following as the Debtor's trial brief in this cause:

**FACTS:** The evidence is expected to show that David Williams, herein after "Williams", hired D&D Services, LLC, herein after called "D&D", of which the Debtor, David S. McCarty was a member to do some renovation work as a subcontractor on a fire loss. Dianna McCarty is not a member of D&D, was never on job site, and never met or spoke to Williams

prior to the bankruptcy filing. D&D did receive a partial payment and did some of the work but pulled off of the job when Williams showed up on the job site with drugs and alcohol and refused to make further payment. Williams then brought a state court action against D&D Services, LLC and David McCarty and obtained a default judgment. No representative of D&D ever made a false statement to Williams and no representative of D&D ever committed and willful or malicious damage to William's property at the job site.

**PROCEEDURAL POSTURE:** Williams filed a state court complaint against David McCarty and D&D Services, LLC in state court and obtained a default judgment. David McCarty and Dianna McCarty filed the instant Chapter 7 bankruptcy case. Williams then filed the adversary proceeding, which is presently pending against David McCarty and his wife; Dianna McCarty, who was not a party to the state court action alleging fraud and malicious injury under 523(a)2(a) and 523(a)6. David McCarty and Dianna McCarty each filed a motion seeking sanctions contending that there was no valid factual or legal basis to maintain the present action. All issues are now set for trial.

**THE LAW:** 11 U.S.C.523(a)2(a) and 11 U.S.C.523(a)6 are both exceptions to the general "fresh start" provided to bankruptcy debtors. Both of these are exceptions based on the policy consideration that debtors that actually commit fraud or maliciously injure should not get the same fresh start. The elements under 523(a)2(a), the creditors are required to prove the following elements by preponderance of the evidence:

1. Money, property, surfaces or credit.
2. Through a material misrepresentation.
3. That at the time the debtor knew was false, remained with gross recklessness as to its truth.

4. The debtor intended to deceive the creditor.

5. The creditor justifiably relied on the false representation.

6. Its reliance was the approximate cause of loss.

See Rembert V. AT&T Universal Card Services INC 141 F. 327 (6th CIR.1998) In the case at bar the evidence will show that with respect to debtor, David McCarty, that the company that he was a member of received money in satisfaction of element #1. Elements # 2, 3, 4, 5&6 did not occur. Any evidence applied to the law would show that with respect to Dianna McCarty that elements #1-6 did not occur.

There may be some issue as to whether collateral estoppel based on the state court default judgment applies. Traditionally under collateral estoppel issues determined in the previous action are deemed determined in the subsequent action where four elements apply. The four elements are:

1. There is identity of parties across the proceedings

2. There was a valid and final judgment in the first proceeding.

3. The same issue was actually litigated and necessarily determined in the first proceeding.

4. The party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding

See Hinchman V. Moore 312 F. 3rd 198 (6th CIR. 2002) In the case at bar collateral estoppel could not apply to Dianna McCarty as she was not a party in any previous proceeding. In the case at bar collateral estoppel could not apply to David McCarty as no

issues were actually and necessarily litigated in the first proceeding since the first default judgment was entered.

The elements of a complaint under 11 U.S.C. sec. 25(a)(6) are also well established being:

1. a willful
2. malicious
3. injury by the debtor
4. to another entity or the property of another entity.

The evidence in the case at bar are expected to show that the debtor, Dianna McCarty had no involvement in the case at bar and her continued existence as a defendant is improper. The other evidence in the case at bar will show that debtor, David McCarty has committed no willful or malicious action towards the Plaintiff and in fact the Plaintiff has suffered from no injury whatsoever from the Debtor. The debtor particularly cites the Court in re: Whiters 337 BR 326 (Bankruptcy, Northern District of Indiana, 2006) (Bkrtcy.N.D.Ind. 2006).

**CONCLUSION:** The facts of the case at bar as can be established by a preponderance of the evidence will show that debtor, Dianna McCarty had nothing to do with any part of Plaintiff's complaint and Plaintiff's insistence on dragging debtor, Dianna McCarty through this procedure, after it became clear that she had no involvement, was wrongful and the Plaintiff, Williams, should reimburse defendant, Dianna McCarty for her reasonable attorneys fees incurred in this action. Judgment in the adversary proceeding should be entered on behalf of Dianna McCarty.

The evidence as will be established by preponderance of the evidence with respect to David McCarty will establish that he made no false misrepresentations, committed no willful or malicious injury to any property of the Plaintiff and in fact the Plaintiff has suffered no injury whatsoever and in that the work done by D&D was at least equal to the partial payment that has been made by the Plaintiff. The continued pursuit by the Williams of these theories after it became clear that there was no factual or legal basis to support them was wrongful and the Plaintiff should reimburse David McCarty for his reasonable attorneys fees.

Respectfully submitted by:

*[signature]*

Bryce D. Owens 10424-48
OWENS & OWENS
119 North Pendleton Avenue
Pendleton IN 46064
Phone: 765-778-3320
Fax: 765-778-2690
e-mail: owens.bryce@gmail.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of this pleading has been duly served by electronic mail to all interested parties and to:

US Trustee

Mark Miller, #29388-49
8320 Pendleton Pike Suite B
Indianapolis, IN 46226

*[signature]*

Bryce D. Owens