UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID S. MCCARTY and ) | Case No. 12-10779-FJO-7 |
| DIANNA K. MCCARTY, ) | |
| ) | |
| Debtors. ) | |
| ) | |
| ) | |
| DAVID WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. 13-50004 |
| vs. ) | |
| ) | |
| DAVID S. MCCARTY and ) | |
| DIANNA K. MCCARTY, ) | |
| ) | |
| Defendants. ) | |

## POST TRIAL BRIEF
## IN SUPPORT OF DEBTOR, DAVID S. MCCARTY

COMES NOW, the Debtor, herein David S. McCarty and by way of Post Trial Brief represents and contends as follows:

### FACTS:

D&D Services, LLC, a limited liability company, owned by Debtor, David S. McCarty was engaged by David Williams to repair fire damage at Williams' former

Page Two: Case No. 12-10779-FJO-7 Adversary Proceeding No. 13-50004

residence. The insurance company had estimated that the repairs would cost $68,000.00. Debtor made a proposal to do the work, which was rejected by Williams' insurance company. The proposal was revised and then found acceptable. A copy of the proposal was admitted as Exhibit 2. Williams after some difficulty paid $10,000.00 down on the contract. Williams then contends that he never saw Debtor again. Debtor testified that he and a crew of workers came to Williams former residence and worked for two and a half weeks which included the filling of several large dumpsters with debris. The Debtor contends that the dumpsters cost him, out of pocket, $3,000.00. He additionally paid, out of pocket, the several workers on the crew. Debtor also contends that once he had completed a substantial amount of demolition work that he showed Williams previously concealed damage which also needed to be repaired and wasn't included in the original contract. Debtor contends that Williams refused to make any further payments and that he was forced to pull off of the job. Williams although claiming that he never saw McCarty after making an initial $10,000.00 payment did admit on cross examination that he was shown the concealed damage which could only be seen after the demolition work was done. Clearly, Williams has testified falsely in this case. Williams own testimony confirms that he was shown the concealed damage which there is no way that Debtor could have known existed unless Debtor's testimony about having been there for some weeks with a crew and having done the demolition work to reveal the concealed damage was true.

Substantial valuable work was done by Debtor at William's request at William's former residence. Williams suffered no loss.

Page Three: Case No. 12-10779-FJO-7 Adversary Proceeding No. 13-50004

## THE LAW

Williams filed a State Court action alleging a variety of Causes and received a Default Judgment. There is no estoppel to the Debtor from the Default Judgment since the case was not actually litigated in State Court. See generally in re: Hermoyian 466 BR 348 (Bkrtcy.E.D.Mich 2012)@361, citing Michigan law which is the same in Indiana.

Williams contends that he is entitled to recover under alternative theories of the U.S.C. §523(a)(2)(a) and 11 U.S.C. §523(a)(6).

It may be true that Debtor's failure to make certain consumer protection disclosures may be a deceptive act as that term is defined under State Law. It is not clear that the act applies to the specific facts before us. Assuming for the purpose of argument that it does, that itself does not satisfy the elements of non dischargeability under the Bankruptcy Code. Williams cites in re: Kemsey for recitation of the elements of the 523(a)(2)(a) Claim. William's recitation of the elements of the 523(a)(2)(a) Claim are not sufficient. Williams claims that McCarty represented that he was licensed and bonded. Debtor denies these representations, however, Williams reliance on such representations cannot be reasonable where professional licenses are a matter of public record. Williams contention that he relied upon some verbal representation of the public record fails of itself. §523 (a)(2)(A) requires both justifiable reliance on the false representation and that the reliance was the proximate cause of the loss. Hermoyian@364. There was no false representation by Debtor in this case. There was no reasonable reliance by Williams upon any false representation by Debtor in this case. Further, there is as a matter of fact no damages suffered by Williams, which proximately flow from the allegedly false representation. Reliance on a false verbal statement of a

**Page Four: Case No. 12-10779-FJO-7 Adversary Proceeding No. 13-50004**

public record can not be "reasonable." See IN re: Austin 138 B.R.898 (Bkrtcy.N.D.Ill.1992) at 915 which discusses false statements in an area of art where common persons would not be able to tell if the representation was false. Debtor, together with a crew of workman came to William's former residence and worked for approximately two and a half weeks. Debtor paid all of the workman and also paid thousands of dollars in his dumpster fees in support of his performance under the Williams Contract. Debtor's statement that he was ready, willing and able to complete the Contract if paid is entirely consistent with the testimony at Trial.

Williams further contends under his 523(a)(6) Claim that actual intent to harm the creditor is unnecessary under 523(a)(6) Claim. This legal position may or may not be good law at the moment. However, it is irrelevant to the case before us. Under the facts of the case before us, Debtor was engaged to do certain work, was paid a small amount towards the contract and then appeared with a crew of workman, worked for two and a half weeks and paid thousands of dollars in dumpster fees before Williams refused to make further payment. McCarty testified that the weeks of work that he did was all in furtherance of the contract. Williams testified that no work was ever done. It is illustrative that Williams did later admit on cross examination that he was shown the concealed damage inside a wall, which could only be seen after the demolition work had been done. Williams has testified falsely in this case and has suffered no damages.

The Court has previously dismissed Defendant, Dianna K. McCarty from this case. Wherefore, Debtor, David S. McCarty respectfully prays that Court find Plaintiff, David Williams as failed to put forth satisfactory evidence with respect to each of the

Page Five: Case No. 12-10779-FJO-7 Adversary Proceeding No. 13-50004

elements of his two remaining theories of non dischargeability and that judgment in favor of David S. McCarty be made in this cause.

Respectfully submitted by:

_____
Bryce D. Owens 10424-48
OWENS & OWENS
119 North Pendleton Avenue
Pendleton IN 46064
Phone: 765-778-3320
Fax: 765-778-2690
e-mail: owens.bryce@gmail.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of this pleading has been duly served by Electronic Mail, this 26 day of Feb, 2014 upon:

Mark A. Miller
8320 Pendleton Pike STE B
Indianapolis, IN 46226

_____
Bryce D. Owens